## CLAUDE HERRELL v. STATE.

No. A-1801. Opinion Filed September 17, 1913.

(133 Pac. 1139.)

TRIAL—Indorsement of Names of Witnesses—Right to Object—Waiver. Where there are no indorsements on an information or indictment of names of the witnesses for the prosecution, and the defendant goes to trial without taking any action to secure the indorsements of such names as directed by statute, he cannot be heard to complain that the names were not so indorsed. And an objection to the testimony of a witness upon the ground that it was not so indorsed should be overruled.

*Appeal from County Court, Tillman County;*
*T. M. Campbell, Judge.*

Claude Herrell was convicted of willfully failing to properly support his minor child, and appeals. Affirmed.

*Mounts & Davis* and *Gray & McVay,* for appellant.

*Smith C. Matson* and *Joseph L. Hull,* Asst. Attys. Gen., for the State.

FURMAN, J.   The names of the witnesses to be used by the state against the defendant were not indorsed on the information as directed by law.   Defendant, however, did not make any complaint at this, or file a motion requesting the court to direct the county attorney to indorse the witnesses for the prosecution on the indictment or the information.   The object of the law in requiring the indorsement of the names of the prosecuting witnesses on the information or indictment is to inform the defendant what witnesses will be used against him, and thereby better enable him to prepare for trial.   The right to know the names of the witnesses to be used against him in a criminal prosecution is one which a defendant may either assert or waive.   See *State v. Frisbee,* 8 Okla. Cr. 406, 127 Pac. 1091.

In the case at bar defendant not only went to trial without objecting to the fact that the names of the witnesses were not indorsed on the information, but did not interpose any objection upon this ground until the state's witness Mrs. Claude Herrell was placed upon the stand, and the objection was then made for the first time that her name did not appear upon the amended information.   The record shows that the information was verified by the affidavit of Mrs. Claude Herrell, and that defendant thereby had actual notice that she was to be a witness against him.   Under these conditions, to sustain the objection made would place form and ceremony above justice.   Our statute expressly forbids this court from reversing any conviction upon a technical error which did not deprive the defendant of some substantial right.   It is not contended that the defendant was surprised or in any way injured by the action of the trial court in permitting this witness to testify, or that he did not have full notice of her testimony before the case was tried.   If he did not have such notice, he could easily have acquired the information by requesting the court to direct the county attorney to indorse the names of the witnesses upon the information before he was required to proceed to trial.

The other questions involved in this case have already been decided adversely to the contentions of counsel for appellant in

the case of *Fred Hunter v. State, ante,* 134 Pac. 1134. The father who is too lazy and trifling to support his own child will look in vain to this court for sympathy and assistance. We think the verdict of the jury is just, and the punishment inflicted merited. It may be possible that a husband would be justified in leaving his wife; but we cannot understand how it is possible that a father, who is in enjoyment of good health, could fail and neglect to do anything for the support of his child.

Judgment of the lower court is in all things affirmed.

ARMSTRONG, P. J., and DOYLE, J., concur.